# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2331

_____

| | | |
|---|---|---|
| United States of America, ex rel. | * | |
| John Thomas Shaver, pro se, in | * | |
| forma pauperis, pro posse suo, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas |
| Lucas Western Corporation, also | * | |
| known as Lucas Varity, also known as | * | |
| Lucas Aerospace Corporation, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:   November 24, 2000

Filed:   February 6, 2001

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
   Judges.

_____

McMILLIAN, Circuit Judge.

John Shaver appeals an order entered in the District Court[1] for the Eastern
District of Arkansas, which set aside a clerk's entry of default against Lucas Western

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court
for the Eastern District of Arkansas.

Corporation (Lucas) and dismissed, for failure to state a claim, Shaver's action brought under the civil False Claims Act, 31 U.S.C. § 3729 (FCA). For reversal, Shaver argues that the district court erred in setting aside the default, that his complaint stated a claim, and that the district court exceeded its authority by dismissing the action without the Attorney General's consent. For the following reasons, we affirm.

Shaver was formerly employed by Lucas, until disabled by a work-related injury. According to Shaver's complaint, the California Workers' Compensation Board ordered Lucas to pay Shaver's medical bills, but Lucas refused to do so. Shaver alleged that Lucas knew that those medical bills it was responsible for but refused to pay would be submitted to the Social Security Administration (SSA) and Medicare.

On Shaver's motion, the clerk entered default after Lucas had not answered the complaint within 60 days of service. The district court, however, declined to enter a default judgment, and subsequently granted Lucas's motion to set aside the default and to dismiss the complaint.

As to the set-aside of the default, Lucas submitted evidence that a supervisor in its human resources department received the complaint served on Lucas and, mistakenly believing that it related to ongoing workers' compensation litigation between Lucas and Shaver, forwarded it to Lucas's independent claims-management provider. Counsel handling the workers' compensation litigation later learned of the default entry and contacted the supervisor, who then became aware of the complaint's true nature. The district court concluded that setting aside the default was proper because Lucas had not intentionally delayed in responding to the complaint, Shaver would not be prejudiced, and Lucas had a meritorious defense. We conclude the district court did not err in setting aside the clerk's entry of default. See Fed. R. Civ. P. 55(c) ("[f]or good cause shown," court may set aside entry of default); Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783-84 (8th Cir. 1998) (motion to set aside clerk's entry of default is subject to even more lenient "good cause" standard than is

motion to set aside default judgment entered by court; relevant considerations are culpability of defaulting party, existence of meritorious defense, and prejudice to other party).

As to the merits, we conclude Shaver failed to state an FCA claim. Section 3729 imposes liability on, as relevant, one who "knowingly presents, or causes to be presented" to the government "a false or fraudulent claim for payment or approval." See 31 U.S.C. § 3729(a)(1). Shaver did not allege that Lucas affirmatively instructed him to submit his medical bill claims to the government; he alleged merely that Lucas refused to pay the bills. Even assuming the truth of Shaver's allegation that Lucas "knew" Shaver would submit such bills to Medicare, Lucas cannot be said to have "caused" Shaver's medical bill claims to be submitted to the government. Cf. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 606 (8th Cir. 1992) (defendant told relator to submit medical bills to Medicare); Hyslop v. United States, 261 F.2d 786, 792 (8th Cir. 1958) (under prior civil false claims statute, reversing grant of summary judgment where there was no proof that defendant had any transactions with prime contractors who submitted false claims to government); Boushea v. United States, 173 F.2d 131, 133-34 (8th Cir. 1949) (defendant liable under criminal false claims statute for false claim presented to government by innocent third party based on defendant's representation of false information). As to Shaver's receipt of disability benefits from SSA, there is no apparent correlation between those benefits and Lucas's failure to pay Shaver's medical bills.

We also reject Shaver's argument that the district court was without authority to dismiss the action without the written consent of the Attorney General. Shaver relies on 31 U.S.C. § 3730(b)(1), which states that an FCA action brought by a *qui tam* relator "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." We agree with the reasoning of the Second Circuit in Minotti v. Lensink, 895 F.2d 100, 103-04 (2d Cir. 1990) (per curiam), and we interpret this provision to mean the Attorney General's

-3-

consent is required only where the relator seeks a voluntary dismissal, not where, as here, the district court grants a motion by the defendant to dismiss for failure to state a claim.  See also Searcy v. Philips Elecs. N. Am. Corp., 117 F.3d 154, 158 (5th Cir. 1997) (noting government concession that requiring its consent to involuntary dismissal would raise separation-of-powers concerns).

Finally, we find no support for Shaver's contentions on appeal that the district court acted in a discriminatory manner or denied him due process, and we conclude that the district court acted properly when it asked him to supply information regarding its personal jurisdiction over Lucas.  We deny Shaver's motion to supplement the record with evidence not before the district court, and we grant Lucas's motion to strike the evidence.  See Dakota Indus., Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993) (appellate court generally cannot consider evidence not contained in record below).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.